**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2016 JAN -4 PM 3: 22

NATHAN GAUDREAU,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

CASE NO.: 8:16 cv 18 T 26 JSS

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff, Nathan Gaudreau, by and through undersigned counsel, sues Wells Fargo Bank N.A., and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages, costs, and fees pursuant to the Telephone Consumer Collection Practices Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUEF

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal TCPA. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.



3. Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

5. Plaintiff Nathan Gaudreau ("Gaudreau" or "Plaintiff") is a natural person who resides in Sarasota County, Florida. Plaintiff is a "person," as that term is defined by 47 U.S.C. § 227 and is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

6. Defendant, Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), a national bank, does business in the State of Florida, and is a "person" under 47 U.S.C. § 227 and as term is used in Fla. Stat. § 559.72

7. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication, to communicate with Plaintiff.

8. All conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

9. The Defendant's communications set forth below are wholly without excuse.

10. At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of Defendant.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated individuals in the United States who received any telephone call from Defendant to their cellular telephone made through the use of any automatic telephone dialing system or an artificial prerecorded voice, from September 18, 2014 to the filing of this Complaint (the "Class"). He also represents, and is a member of a subclass (the "Revocation Subclass") consisting of all individuals in the United States who received any telephone call from Defendant to their cellular telephone made through the use of any automatic telephone dialing system or an artificial prerecorded voice, and who had revoked consent to receive such cellular telephone calls in any reasonable manner, from September 18, 2014 to the filing of this Complaint. Further, Plaintiff also represents, and is a member of a subclass (the "Attorney Subclass") consisting of all individuals in Florida who received any communication from Defendant when Defendant knew that the individual was represented by an attorney and had knowledge of, or could readily ascertain, such attorney's name and address.

### *Numerosity*

12. The class is so numerous that joinder of all members is impracticable. Plaintiff estimates the Class has at least 100,000 members.

### *Commonality*

13. There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227; (2) whether Defendant violated the FCCPA, Fla. Stat. § 559.55 *et seq.*; and (3) whether Plaintiff and the Class were damaged, and the extent of damages for such violation.

### *Typicality*

14. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interest adverse or antagonistic to the interests of other members of the Class.

### *Adequacy of Class Representation*

15. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

### *Predominance of Common Questions*

16. The common questions set forth in Paragraph 13 predominate over any individual issues.

### *Superiority of Class Resolution*

17. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

18. A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

19. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

20. Absent a class action, the Class members will continue to have their rights violated and will continue to suffer monetary damages.

21. Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

## FACTUAL ALLEGATIONS

22. Plaintiff was a customer of Defendant Wells Fargo and maintained a line of credit with that organization.

23. Difficult financial times caused Plaintiff to fall behind in his payments to Defendant.

24. Defendant then began calling Plaintiff's cellular telephone to collect the debt.

25. Plaintiff instructed Defendant to stop calling him on his cellular telephone because he would be filing bankruptcy.

26. Plaintiff was represented by an attorney, Laurie Blanton, and provided Defendant with Laurie Blanton's name and contact information. Defendant instructed Plaintiff that Defendant's calls would continue and Defendant would not stop communicating with Plaintiff until he gave Defendant a bankruptcy case number.

27. Defendant did not stop calling Plaintiff's cellular telephone, despite Plaintiff's instructions.

28. For the calls from Defendant, either there was a pause after Plaintiff answered before a live representative was connected to Plaintiff, or there was a pause after Plaintiff answered and the call was immediately disconnected. These circumstances indicate the use of an automatic telephone dialer system.

29. Defendant telephoned Plaintiff using an automatic telephone dialer system at least once per day, after Plaintiff instructed Defendant to stop calling his cellular telephone, from approximately May 1, 2015, until approximately June 30, 2015.

## COUNT I

## VIOLATION OF THE TCPA BY DEFENDANT WELLS FARGO

30. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

31. Plaintiff re-alleges and reincorporates paragraphs 1 through 29, as if fully set forth here-in.

32. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

33. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –

>   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

35. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

36. All conditions precedent to this action have occurred, have been satisfied or have been waived.

37. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

38. Based upon the willful, knowingly, and intentional conduct of the Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment on his behalf and on behalf of all others similarly situated, against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II
## VIOLATION OF THE FCCPA BY DEFENDANT WELLS FARGO

39. This is an action against Wells Fargo for violation of Fla. Stat. § 559.55 et seq.

40. Plaintiff re-alleges and incorporates paragraphs 1 through 22, as if fully set forth herein.

41. Defendant communicated certain information to Plaintiffs as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

42. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) ... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) ... assert the existence of some other legal right when such person knows that the right does not exist.

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

8

43. Through its conduct, described above, Defendant, directly and through its agents, violated the above sections of the FCCPA.

44. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

45. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Green Tree is liable to Plaintiffs for actual damages, statutory damages, and reasonable attorney's fees and costs.

46. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiffs are also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

47. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully request this Court to enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiffs actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: January 4, 2016

**KYNES, MARKMAN & FELMAN, P.A.**
P.O. Box 3396
Tampa, Florida 33601
Phone: (813) 229-1118
Fax:    (813) 221-6750

/s/ Katherine Earle Yanes
_____
**KATHERINE EARLE YANES, ESQ.**
Florida Bar. No. 658464
e-mail: kyanes@kmf-law.com

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

/s/ Gus M. Centrone
_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF
## NATHAN GAUDREAU

I, Nathan Gaudreau, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____          12/26/15
Nathan Gaudreau                          Date